UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL JAMES KOHAN,<br><br>   Plaintiff,<br><br>   v.<br><br>LUCID GROUP USA, INC.,<br><br>   Defendant. | Case No. 3:24-cv-02030-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CASE**<br><br>Re: Dkt. No. 18 |

Emil James Kohan brings warranty claims against Lucid Group USA, Inc., a vehicle manufacturer Plaintiff purchased a vehicle from in March 2022. (Dkt. No. 1-1.)[1] Pending before the Court is Lucid Group USA, Inc.'s motion to compel arbitration. (Dkt. No. 18.) After carefully considering the parties' submissions and having had the benefit of oral argument on October 3, 2024, the Court GRANTS the motion to compel. Kohan and Lucid Group USA, Inc. are parties to an agreement with a mandatory arbitration provision and a delegation clause. As the valid delegation clause delegates issues of scope to the arbitrator, the Court must compel arbitration.

**COMPLAINT ALLEGATIONS**

Shortly after Plaintiff purchased the vehicle at issue—a Lucid Grand Touring— he "experienced the various defects … that substantially impair the use, value, and safety of the [] Vehicle." (Dkt. No. 1-1 at ¶ 7.) That violates the Manufacturer's express written warranties. (*Id*. at ¶ 7.) On three separate occasions, Plaintiff brought the vehicle to a Manufacturer's service center for repairs, but Defendant has not resolved the issues. (*Id*. at ¶ 11.) In total, the vehicle has been at a service center for at least 42 days and Defendant has been unable to or failed to repair the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

vehicle. (*Id*. at ¶¶ 12-14.) Plaintiff has lost confidence in the vehicle's reliability and experienced a substantial impairment of the use, value, and/or safety of the vehicle, and has therefore revoked acceptance of the vehicle in writing. (*Id*. at ¶¶ 16, 18.)

## DISCUSSION

The Federal Arbitration Act (FAA) governs arbitration agreements "evidencing a transaction involving commerce." 9 U.S.C. § 2. Such agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id*. In resolving a motion to compel arbitration under the FAA, a court's inquiry is limited to two "gateway" issues: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. If both conditions are met, the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 999 (9th Cir. 2021) (internal quotation marks and citations removed).

Defendant moves to compel arbitration based on the Purchase Agreement Plaintiff signed when he purchased the vehicle. The Purchase Agreement includes an arbitration provision ("Arbitration Agreement") which states in relevant part:

> **11. Disputes, Arbitration, Waiver of Jury Demand**
>
> If either you or we have a dispute, the party raising the dispute will send a written notice of the dispute to the other, along with the requested resolution. You can send your request to us at disputes@lucidmotors.com. If a dispute is not resolved within 60 days, you and we agree that any dispute or claim between you and us or relating in any way to this Agreement will be resolved by binding arbitration, rather than in court, except that either you or we may assert claims in small claims court if the claims qualify. There is no judge or jury in arbitration, and court review of an arbitration award is limited. However, an arbitrator can award on an individual basis the same damages and relief as a court (including injunctive and declaratory relief or statutory damages) and must follow this Agreement just as a court would. **Claims arising out of or relating to the validity, application, scope, enforceability, or interpretation of this provision (the "Arbitration Agreement") shall also be decided by an arbitrator and will be governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA").**

(Dkt. No. 18-2 at 6-7) (emphasis added).

2

1    Plaintiff does not dispute he entered into a valid Arbitration Agreement.  (Dkt. No. 19 at 7
2    (Plaintiff's opposition stating "[t]here is no dispute regarding the terms of the Agreement…
3    Notably, there is no reference in the Complaint objecting to any term within the Agreement.").
4    The first gateway issue is therefore not at issue.  But the second gateway issue is at issue because
5    Plaintiff insists the Arbitration Agreement does not apply to this dispute; instead, a voluntary
6    arbitration provision included in the warranty agreement governs this dispute.  Defendant
7    maintains that whether the Purchase Agreement Arbitration Agreement applies to Plaintiff's
8    claims is a question for the arbitrator to decide, not the Court.

9    Gateway questions of arbitrability are typically for a court to decide, even when there is a
10   facial agreement to arbitrate.  *See Portland GE v. Liberty Mut. Ins. Co.*, 862 F.3d 981, 985 (9th
11   Cir. 2017) (stating gateway questions of arbitrability "are presumptively reserved for the court").
12   Gateway questions include "whether the parties have a valid arbitration agreement or are bound by
13   a given arbitration clause, and whether an arbitration clause in a concededly binding contract
14   applies to a given controversy." *Id.* (internal quotation marks and citation omitted).  However,
15   "parties may delegate the adjudication of gateway issues if they 'clearly and unmistakably' agree
16   to do so."  *Id.*; *see also Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) ("parties can
17   agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to
18   arbitrate or whether their agreement covers a particular controversy" through a delegation clause)
19   (internal citation omitted).  "[L]anguage delegating to the arbitrators the authority to determine the
20   validity or application of any of the provisions of the arbitration clause[] constitutes an agreement
21   to arbitrate threshold issues concerning the arbitration agreement."  *Mohamed v. Uber Techs., Inc.*,
22   848 F.3d 1201, 1208 (9th Cir. 2016) (citing *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011)
23   (quoting *Rent-A-Ctr.,* 561 U.S. at 68)).

24   The Arbitration Agreement includes a delegation clause:

25   > Claims arising out of or relating to the validity, application, scope,
26   > enforceability, or interpretation of this provision (the "Arbitration
     > Agreement") shall also be decided by an arbitrator.

3

(Dkt. No. 18-2 at 6.)  This language unambiguously delegates to the arbitrator the question of whether Plaintiff's claims fall within the Arbitration Agreement's scope.[2]  *See Mohamed*, 848 F.3d at 1209 (holding language delegating to an arbitrator the authority "to decide issues relating to 'enforceability, revocability or validity of the Arbitration Provision'" "'clearly and unmistakably indicates [the parties'] intent for the arbitrators to decide the threshold question of arbitrability'"); *see also Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1008 (9th Cir. 2023) (enforcing a delegation clause providing "[t]his Arbitration Agreement includes, without limitation, disputes arising out of or related to the interpretation or application of the Arbitration Agreement, including the enforceability, revocability, scope, or validity of the Arbitration Agreement or any portion of the Arbitration Agreement.")

Plaintiff's insistence his claims are governed by a separate arbitration provision in the warranty agreement is an issue for the arbitrator to decide in light of the delegation clause. Plaintiff's reliance on the statement in *Ford Motor Warranty Cases,* 89 Cal. App. 5th 1324, 1334 (2023), that "manufacturer vehicle warranties that accompany the sale of motor vehicles without regard to the terms of the sale contract between the purchaser and the dealer are independent of the sale contract" is misplaced.  *Id.* at 1334.  It may be an appropriate case to cite to the arbitrator to argue the scope of the Arbitration Agreement does not apply to Plaintiff's warranty claims, but it does not in any way suggest that Plaintiff can avoid the Arbitration Agreement's delegation clause.

Because Plaintiff does not challenge the delegation clause and the delegation clause clearly and unmistakably delegates the question of whether the Arbitration Agreement's scope governs Plaintiff's claims, an arbitrator, not the Court, must decide whether Plaintiff's warranty claims are covered by the Arbitration Agreement.  So, the motion to compel arbitration must be granted.

---

[2] Plaintiff does not challenge the validity of the delegation clause. To do so, the resisting party "must specifically reference the delegation provision and make arguments challenging it." *Bielski*, 87 F.4th at 1011.  Plaintiff could have raised generally applicable contract defenses such as fraud, duress, or unconscionability.  *See Mohamed* 848 F.3d at 1209.  But, Plaintiff did not.

**CONCLUSION**

For the reasons explained above, Defendant's motion to compel arbitration is GRANTED. The claims against Lucid Group USA, Inc. in this action are STAYED pending resolution of the arbitration proceeding. The parties shall jointly file an update on the status arbitration by May 2, 2025.

**IT IS SO ORDERED.**

Dated: October 8, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge

5