United States District Court
Northern District of California

1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

EMIL JAMES KOHAN,

Case No.  3:24-cv-02030-JSC

8

Plaintiff,

9

v.

**ORDER RE: MOTION FOR ATTORNEYS' FEES AND COSTS**

10

LUCID GROUP USA, INC.,

Re: Dkt. No. 31

11

Defendant.

12
13
14
15
16
17
18
19
20

Emil James Kohan brings warranty claims under California's Song-Beverly Act against Lucid Group USA, Inc., a vehicle manufacturer Plaintiff purchased a vehicle from in March 2022. The Court previously granted Lucid's motion to compel arbitration and nine months later Plaintiff accepted Lucid's Rule 68 offer of judgment. (Dkt. Nos. 22, 24.)  Plaintiff now moves for attorneys' fees and costs seeking $115,429.50 in attorneys' fees and $5,850.18 in costs.  (Dkt. No. 31.)  After carefully considering the arguments and briefing submitted, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the January 8, 2026 hearing, and GRANTS IN PART and DENIES IN PART the motion.

21

**DISCUSSION**

22
23
24
25
26
27
28

State law governs attorneys' fees in diversity cases such as this. *Riordan v. State Farm Mut. Auto. Ins. Co*., 589 F.3d 999, 1004 (9th Cir. 2009) ("In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law"). Under California law, buyers who prevail in an action under the Song-Beverly Act are entitled to "the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the

commencement and prosecution of such action." Cal. Civ. Code § 1794(d). A party is a prevailing party if the court, guided by equitable principles, decides the party has achieved its "main litigation objective." *Graciano v. Robinson Ford Sales, Inc*., 144 Cal.App.4th 140, 150–51 (2006); *see also Wohlgemuth v. Caterpillar Inc*., 207 Cal. App. 4th 1252, 1262 (2012) (holding "consumers who successfully achieve the goals of their litigation through a compromise agreement" may recover attorneys' fees and costs as prevailing parties under the Song-Beverly Act).

Courts calculate attorneys' fees under Section 1794(d) using the "lodestar adjustment method." *Robertson v. Fleetwood Travel Trailers of Cal., Inc*., 144 Cal. App. 4th 785, 818 (2006). The lodestar figure consists of "the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). A reasonable hourly rate is defined as "that prevailing in the community for similar work." *Id*. As to the computation of hours, "trial courts must carefully review attorney documentation of hours expended." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001).

The parties do not dispute Plaintiff, as the prevailing party in this action, is entitled to recoup reasonable attorneys' fees, costs, and expenses under the Song-Beverly Act. (Dkt. No. 25, Offer of Judgment at § 5.) *See also* Cal. Civ. Code § 1794(d). Instead, the question is whether Plaintiff's request for $121,279.68 in attorneys' fees and costs is reasonable. Lucid insists it is not because Plaintiffs' counsels' hourly rates and hours billed are excessive, Plaintiff is not entitled to recovery for certain categories of work, and Plaintiff is not entitled to the 1.5 multiplier sought.

### A.    Lodestar Calculation

Plaintiff contends counsel performed 121.60 hours of work for a total lodestar of $77,058. Plaintiff categorizes the work performed as follows:

| Litigation Stage | Hours | Fees |
|---|---|---|
| Pre-Filing | 11 | $5,980 |
| Post-Filing/Discovery and Settlement | 71.9 | $44,050 |
| Client Communication | 7.1 | $4,033 |

United States District Court
Northern District of California

| Motion for Attorneys' Fees and Costs | 31.6 | $9,085 |
|---|---|---|

(Dkt. No. 31-2.)

### 1.   Reasonable Hourly Rates

To determine whether counsel's hourly rates are reasonable, the Court looks to the "hourly amount to which attorneys of like skill in the area would typically be entitled." *Ketchum*, 24 Cal. 4th at 1133. "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). In addition, Civil Local Rule 54-5(b)(3) requires the party seeking fees to submit "[a] brief description of relevant qualifications and experience and a statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of value of the services."

Plaintiff contends counsel's current billing rates for contingency cases are as follows:

| Timekeeper | Total Hours Billed | Rate[1] |
|---|---|---|
| Hovanes Margarian | 25.2 | $650/$750 |
| Armen Margarian | 38.6 | $550/$670 |
| Shushanik Margarian | 17.7 | $550/$670 |
| Patrick Kimball | 38 | $700.00 |
| Elmira Oganyan, Assistant | 2.1 | $150.00 |

(Dkt. No. 31-2 at 6.)  Plaintiff contends courts have approved these rates for attorneys of similar skill and experience and insists the rates are supported by the Adjusted Laffey Matrix.  (Dkt. No. 31-20 at 16-17.)  There are several issues with Plaintiff's request.

First, it is not reasonable to add $100 to each biller's hourly rate, as Plaintiff does, simply because the case was taken on a contingency basis.  *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001) (noting the lodestar is calculated using the "hourly prevailing rate for private attorneys in

---

[1] Plaintiff seeks the higher rate for work performed after June 30, 2025.

the community conducting noncontingent litigation of the same type").

Second, the Laffey Matrix is "an inflation-adjusted grid of hourly rates for lawyers of varying levels of experience in Washington, D.C." and the Ninth Circuit has explained "just because the Laffey matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away." *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) (*discussing Laffey v. Northwest Airlines, Inc*., 572 F. Supp. 354, 371-75 (D. D.C. 1983)).

Third, although the relevant community for determining a reasonable hourly rate is "the forum in which the district court sits" Plaintiff does not offer any evidence as to the reasonable hourly rates for attorneys in lemon law cases in this District. *Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 979 (9th Cir. 2008). Instead, Plaintiff relies on decisions, predominantly from the Los Angeles County Superior Court and the Central District of California, approving counsel's hourly rates. (Dkt. No. 31-20 at 16-18; Dkt. No. 31-1 at ¶¶ 25-30.) There are, however, numerous decisions from the Central District of California declining to award counsel their requested rates. *See, e.g*., *Danielyan v. Mercedes-Benz USA LLC*, No. CV 24-2918 FMO (MAAX), 2025 WL 2019933, at *2 (C.D. Cal. June 18, 2025) ("Given the routine nature of this action, coupled with the fact that Margarian charges paying clients $550 an hour, the court finds that $550 is a reasonable hourly rate"); *Kumuryan v. Mercedes Benz USA LLC*, No. 8:24-CV-00367-DOC-KES, 2024 WL 5369425, at *3 (C.D. Cal. Nov. 17, 2024) (concluding "a $400 hourly rate [for the Margarian firm] is reasonable based on comparable hourly rates approved in the area, the limited complexity of the case, and counsel's experience."); *Ghalehshahi v. Ford Motor Co*., No. CV 23-07043-MWF (SKX), 2024 WL 5372401, at *3 (C.D. Cal. Nov. 13, 2024) (finding $515 is a "reasonable rate for the work performed by the Margarian firm consistent with the rate awarded in *Matevosyan v. Mercedes-Benz USA, LLC*, No. CV 22-04679-MWF (JEMx), 2023 WL 8125448 (C.D. Cal. July 10, 2023)"); *Nazaryan v. Mercedes-Benz USA, L.L.C*., No. 2:23-CV-06918-WLH-AS, 2024 WL 5706159, at *2 (C.D. Cal. Sept. 12, 2024) (same).

In lemon law cases such as this, courts in this District have approved hourly rates ranging from $225-$650/hour. *See, e.g*., *Hanai v. Mercedes-Benz USA, LLC*, 2022 WL 718037, at *2

4

(N.D. Cal. Mar. 10, 2022) ("A review of several recent decisions in this district reveals hourly rates ranging from $225 to $650 for lemon law attorneys" and collecting cases); *Chen v. BMW of N. Amer.*, 2022 WL 18539356, at *3-4 (N.D. Cal. Nov. 14, 2022) (finding hourly rates between $400 to $600 reasonable); *Wu v. BMW of N. Am., LLC*, 2022 WL 2802979, at *3-4 (N.D. Cal. July 18, 2022) (awarding attorneys $450 to $600); *Covarrubias v. Ford Motor Co.*, 2021 WL 3514095, at *4-5 (N.D. Cal. Aug. 10, 2021) (approving hourly rates for between $385 and $550 for the years 2019 through 2021*); Cardoso v. FCA US LLC*, 2021 WL 1176532, at *3 (N.D. Cal. Mar. 29, 2021) (finding hourly rates of $340 to $624 reasonable).

Given all this, the Court concludes a reasonable hourly here is the rate counsel charges to paying clients which is consistent with the rates awarded to attorneys handling lemon law cases in this District.  (Dkt. No. 31-1, Hovanes Margarian Decl. at ¶ 22 (hourly rate of $550/hour); Dkt. No. 31-21, Armen Margarian Decl. at ¶ 10 (hourly rate of $450/hour); Dkt. No. 31-22, Shushanik Margarian Decl. at ¶ 12 (hourly rate of $450/hour); (Dkt. No. 31-23, Kimball Decl. at ¶ 9 (hourly rate of $600/hour).[2])  So, the Court awards $550/hour for work performed by Hovanes Margarian, $450/hour for work performed by Armen Margarian and Shusaniak Margarian, and $600/hour for work performed by Patrick Kimball.  Lucid does not appear to object to the $150/hourly rate for work performed by the legal assistant and it is consistent with the rate this Court has previously approved in a lemon law case.  *Cardoso v. FCA US LLC*, No. 20-CV-02250-JSC, 2021 WL 1176532, at *3 (N.D. Cal. Mar. 29, 2021) (approving rate of $150/hour for a law clerk).

## 2. Hours Reasonably Expended

An attorneys' fee award should include compensation for all hours reasonably expended prosecuting the matter, but "hours that are excessive, redundant, or otherwise unnecessary" should be excluded. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Moore v. Jas.*

---

[2] The Court uses the pre-June 30, 2025 hourly rates as Plaintiff has not offered evidence that an increase in $120/hour for each biller is consistent with the rates charged by attorneys of similar skill handling lemon law cases in this District.

*H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

Plaintiff seeks fees for 121.6 hours. That is, counsel claims they spent **three 40-hour weeks working exclusively on this case**—a case in which they filed only a nine-page opposition to a motion to compel arbitration and the underlying motion for attorneys' fees. There was no other motion practice and the case went to arbitration prior to any discovery. The hours claimed are excessive and will be reduced as discussed below.

<strong>a.     Vague and Excessive Client Communications</strong>

Plaintiff's billing records contain 50 entries for a total of 7.1 hours and $4,033 which all read as follows:

| 2/16/2024 | SM | Communication with Plaintiff | The details of this communication, including the discussed topics, remain protected by the attorney-client privilege. | 0.2 | $550.00 | $110.00 | Billed |
|---|---|---|---|---|---|---|---|

(Dkt. No. 31-2 at 5.) Lucid objects to these entries as vague and excessive, and in response, Plaintiff provides the following identical response for all 50 entries:

> Properly described attorney–client communications. Counsel cannot ethically disclose the substance of legal advice and litigation strategy in public time records. The entries identify that confidential case-related communications occurred with the client or opposing counsel; the time is minimal and clearly tied to advancing the case, which is sufficient under the lodestar standard.

(Dkt. No. 34-1 at 15-19.)

In *Hensley*, the Supreme Court held although counsel is not required to record in great detail how each minute of time is expended, they should at least identify the general subject matter of time expenditures. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Work entries are inadequately vague when the district court is unable to discern how the time spent is attributable to the case at hand." *Center for Food Safety v. Vilsack*, No. C–08–00484 JSW, 2011 WL 6259891, at *8 (N.D. Cal. Oct. 13, 2011). Likewise, excessive billing for non-substantive email exchanges is improper. *See, e.g.*, *Uriarte-Limon v. Leyva*, 2017 WL 5665016, at *4 (C.D. Cal. June 30, 2017) (reducing fee award based in part on "excessive hours devoted to non-substantive email exchanges); *Whitaker v. Beverly Falafel, Inc.*, 2020 WL 6494193, at *4 (C.D. Cal. Sept. 15, 2020) ("Counsel routinely billed its client for non-substantive emails involving deadlines and information about new trial dates. The Court finds these entries are unreasonable and strikes

United States District Court
Northern District of California

1    them."); *Kries v. City of San Diego*, No. 17-CV-1464-GPC-BGS, 2021 WL 120830, at *9 (S.D.

2    Cal. Jan. 13, 2021) ("Although attorneys owe a duty to their clients to effectively communicate

3    and the Court does not doubt that Mr. Congers communication practices were appreciated by his

4    clients, the Court's mandate is to determine whether the hours were reasonably expended, not

5    whether the time spent was in line with each attorney's regular practice."). Further, the Court is

6    not persuaded a blanket assertion of attorney client privilege is appropriate. *See Clarke v. Am.*

7    *Com. Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992) ("the identity of the client, the amount of the

8    fee, the identification of payment by case file name, and the general purpose of the work

9    performed are usually not protected from disclosure by the attorney-client privilege.").

10       On at least two occasions district courts have reduced the Margarian Firm's time for clients

11   communications by 30 percent because counsel billed an "unreasonable amount of time to spend

12   communicating with a client in a simple lemon law case that settled after a few months" when,

13   like here, "the time entries are all simply recorded as 'Communicated with Plaintiff,' making it

14   impossible to evaluate the necessity of these communications." *Ghalehshahi v. Ford Motor Co.*,

15   No. CV 23-07043-MWF (SKX), 2024 WL 5372401, at *6 (C.D. Cal. Nov. 13, 2024); *Evazyan v.*

16   *Mercedes-Benz USA, LLC*, No. 22-CV-06032 JLS (MRW), 2023 WL 11197079, at *5 (C.D. Cal.

17   Dec. 6, 2023) (same). This Court will follow the same approach and reduces these hours by 30

18   percent.

19                          **b.       Rule 68 Negotiation and Fees on Fees Time**

20       Lucid objects to Plaintiff's request for 4 hours for the time spent negotiating the Rule 68

21   offer and the 56.3 hours spent following acceptance of the Rule 68 offer (31.6 of which relates to

22   the underlying fees motion). While Plaintiff was unsuccessful in negotiating a better settlement,

23   the Court will not fault him for his attempt to do so.

24       The 56.3 hours spent after the acceptance of the offer, however, are excessive. As to the

25   31.6 hours spent or anticipated to be spent on this motion, the Court deducts the 16.5 hours for Mr.

26   Margarian to travel and appear for the hearing on the motion as the Court vacates the hearing. The

27   Court will reduce the remaining 15.1 hours by 75 percent. The motion is a boilerplate template

28   which is nearly identical to the motion counsel filed in the Los Angeles Superior Court around the

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1    same time and, in fact, includes cut and paste errors, including erroneously stating "Plaintiff's

2    Counsel secured a favorable result for Plaintiff, which included repurchase of the Vehicle,

3    substantial civil penalties, incidental and consequential damages." (*Compare* Dkt. No. 31-20 at 24

4    *with Vagik Darbinyan v. FCA US*, Los Angeles Superior Court Case No. 24-VE-CV00347 (Aug.

5    13, 2025 Motion).) The only relief counsel obtained in this case was repurchase. Courts have

6    repeatedly commented on the Margarian Firm's excessive billing for use of boilerplate attorneys'

7    fees' motions. *See Evazyan v. Mercedes-Benz USA, LLC*, No. 22-CV-06032 JLS (MRW), 2023

8    WL 11197079, at *5 (C.D. Cal. Dec. 6, 2023) (awarding 5 of the 15 hours sought where "the

9    motion, the supporting memorandum, and the attorney declaration are templates used before by

10   Margarian, which are simply tailored to the facts of this case"); *Matevosyan v. Mercedes-Benz*

11   *USA, LLC*, No. CV 22-4679-MWF (JEMX), 2023 WL 8125448 (C.D. Cal. July 10, 2023) (cutting

12   time by 50 percent for template motion for attorneys' fees and collecting cases).

13          Because counsel did not provide chronological billing records, but instead provided

14   records by category of work, it is difficult to discern what the remaining 24.7 hours were for. It

15   appears 11 of these hours were spent preparing time records. (Dkt. No. 31-2 at 4-5.) But this time

16   is not recoverable. As another court observed when the Margarian Firm sought time for preparing

17   billing records after the fact: "No attorney would reasonably bill a private client for work that

18   essentially amounts to preparing the client's invoice. Further, timekeeping is a clerical, overhead

19   task that is not compensable or reasonably necessary to enhance the outcome of the litigation for

20   the plaintiff." *Evazyan*, 2023 WL 11197079, at *5 (citing *Pacheco v. Ford Motor Co.*, 2022 WL

21   845108, at *4 (C.D. Cal. Mar. 22, 2022)). Plaintiff also claims 1.7 hours for preparing a

22   stipulation to vacate a case management conference and preparing a 13-line update advising the

23   Court the case had resolved. (Dkt. No. 31-2 at 5.) The Court reduces this time by 50 percent.

24   Finally, Plaintiff claims 1 hour for time attending a case management conference that was vacated

25   and .4 for preparing a dismissal that has not been filed. (Dkt. No. 31-2 a 5.) None of this time is

26   compensable.

27                          c.      Fees for "Avoiding Arbitration"

28          Lucid contends Plaintiff should not recover any fees for "avoiding arbitration." (Dkt. No.

1    33 at 12-13.)  These fees include the 14.3 hours incurred between when Plaintiff filed the case in

2    superior court and Lucid removed it to this court, and the 5 hours opposing Lucid's motion to

3    compel arbitration. Lucid insists Plaintiff agreed to arbitrate, pursued his claims in the wrong

4    forum, and then improperly opposed Lucid's motion to compel arbitration.

5         As to fees incurred in connection with Lucid's removal from the Alameda County Superior

6    Court, there was nothing improper about Plaintiff filing in state court in the first instance.  While

7    Plaintiff did not dispute Lucid's ability to remove based on federal question and diversity

8    jurisdiction, removal is permissive not mandatory.  *See* 28 U.S.C. § 1441(a) ("any civil action

9    brought in a State court of which the district courts of the United States have original jurisdiction,

10   *may* be removed by the defendant or the defendants, to the district court of the United States for

11   the district and division embracing the place where such action is pending") (emphasis added).

12        And as for the fees incurred opposing arbitration, although Plaintiff did not dispute he

13   entered into a valid agreement, he did contend the arbitration agreement did not govern the

14   warranty claims he brings here.  While this argument was unavailing given the delegation clause

15   in the arbitration agreement, the argument was not frivolous.  (Dkt. No. 22.)  However, the 5 hours

16   claimed to prepare a nine-page brief on this straightforward issue is excessive and will be reduced

17   by half to 2.5 hours.

18              **d.    Clerical Tasks and Excessive, Vague, and Duplicative Entries**

19        Lucid also objects to 5.8 hours it contends were spent on non-billable clerical tasks such as

20   drafting the summons, checking the status of a package, ordering service, and calendaring.  (Dkt.

21   No. 33 at 15-16.)  Plaintiff again provides a boilerplate response to Lucid's objection:

22                This is not mere clerical work but integral case-handling activity
                 (intake, document handling, finance communications, calendaring,
23               service, and court compliance) reasonably performed by counsel or
                 supervised staff. The time is modest and compensable. Plaintiff is not
24               required to staff the case according to Defendant's preferences.

25   (Dkt. No. 34-1 at 6.)  Clerical tasks are generally not recoverable. *See, e.g.*, *Operating Eng'rs*

26   *Health & Welfare Tr. Fund v. Goes & Noceti Constr., Inc.*, No. 24-CV-08378-KAW, 2025 WL

27   2684388, at *8 (N.D. Cal. June 24, 2025), report and recommendation adopted, No. 24-CV-

28   08378-RS, 2025 WL 2684335 (N.D. Cal. Aug. 13, 2025) (finding clerical tasks such as

United States District Court
Northern District of California

9

calendaring and filing not compensable and collecting cases); *Neil v. Comm'r of Soc. Sec*., 495 F. App'x 845, 847 (9th Cir. 2012) (holding court did not abuse its direction in declining to award attorney's fees for purely clerical tasks such as filing documents and preparing and serving summons); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) ("When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors.").  Additionally, Lucid objects to 5.3 hours of time it contends are excessive, vague, duplicative, or otherwise "manifestly unreasonable."  (Dkt. No. 33 at 19.)

The Court agrees the time records reflect entries that are clerical in nature and thus non-billable.  The Court is also concerned by Plaintiff's staffing of four attorneys on this straightforward matter and the excessive entries for a case that resolved in its early stages with very little motion practice beyond the underlying motion for attorneys' fees and costs.  In light of these concerns, the Court will make an across-the-board 10 percent deduction on top of the specific deductions discussed above.  *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("the district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation.").

***

Based on the above reductions to counsels' rates and hours, the Court calculates the lodestar as follows:

| Litigation Stage | Biller | Hours | Adjustments | Lodestar |
|---|---|---|---|---|
| Pre-Filing | | | | |
| | HM | .9 | Hourly rate of $550 | $495.00 |
| | AM | 4 | Hourly rate of $450 | $1,800.00 |
| | SM | 5.7 | Hourly rate of $450 | $2,565.00 |
| | EO | .4 | None | $60.00 |
| Post-Filing | | | | |
| | HM | 6 | Hourly rate of $550 and exclude 1.6 hours | $2,420.00 |
| | AM | 28.9 | Hourly rate of $450 and exclude 5.4 hours | $10,575.00 |
| | SM | 9.8 | Hourly rate of $450 and exclude 2 hours | $3,510.00 |
| | PK | 25.5 | Hourly rate of $600 and exclude 6.5 hours | $11,400.00 |
| | EO | 1.7 | None | $255.00 |
| Client Communication | | | | |
| | HM | .2 | Hourly rate of $550 and reduce hours by 30% | $77.00 |
| | AM | 5.2 | Hourly rate of $450 and reduce hours by 30% | $1,638.00 |
| | SM | 1.7 | Hourly rate of $450 and reduce hours by 30% | $535.50 |
| Attorneys' Fees Motion | | | | |
| | HM | 18.10 | Hourly rate of $550 deduct, exclude 16.9, and reduce remaining hours by 75% | $165.00 |
| | AM | .5 | Hourly rate of $450 and reduce hours by 75% | $56.25 |
| | SM | .5 | Hourly rate of $450 and reduce hours by 75% | $56.25 |
| | PK | 12.5 | Hourly rate of $600, exclude 1 hour, and reduce remaining hours by 75% | $1,725.00 |
| | | | **Lodestar Total** | $37,333.00 |
| | | | **10% haircut** | $3,730.00 |
| | | | **Final Total** | $33,603.00 |

### B.    Whether a Multiplier is Warranted

The Court may adjust a lodestar figure upwards or downwards based on a number of factors, including: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001).

Plaintiff requests a 1.5 multiplier to the lodestar amount because counsel "secured a favorable result for Plaintiff, which included repurchase of the Vehicle, substantial civil penalties, incidental and consequential damages." (Dkt. No. 31-20 at 24.) This again appears to be a cut-and-paste error. The settlement amount is less than Plaintiff's alleged payments under the contract. (*Compare* Dkt. No. 1-1 at ¶ 5 (Complaint: "The cash price of the Subject Vehicle was One Hundred Thirty-Nine Thousand Dollars and No Cents ($139,000.00). The total of payments under the contract including sales tax, registration charges, document fees and other collateral charges, such as bank and finance charges, totaled totals One Hundred Sixty-Eight Thousand Two Hundred Ninety Dollars and Sixty-Four Cents ($168,290.64)) *with* Dkt. No. 24 at ¶ 2 (Rule 68 acceptance: "Lucid will pay Plaintiff $165,537.27 (one-hundred sixty-five thousand five hundred thirty-seven dollars and twenty-seven cents). Said amount represents the fully financed purchase price of the subject vehicle, including all incidental and consequential damages, and civil penalties.").)

Nor do any of the *Ketchum* factors support a multiplier here. Rather, "[t]his was a largely routine lemon law case that involved few procedural demands and the exercise of limited skill from lawyers who specialize in this practice area and generally rely upon boilerplate pleadings and work product." *Rahman v. FCA US LLC*, 594 F. Supp. 3d 1199, 1207 (C.D. Cal. 2022). The Court, in the exercise of its discretion, declines to award a multiplier here. *See Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 740 (9th Cir. 2016) ("decision to enhance or reduce the lodestar … is within the district court's discretion").

### C.    Costs

Plaintiffs seek $5,850.18 in litigation costs and expenses, but has provided no

substantiation of that request.  Plaintiff states he will file a verified bill of costs in accordance with Federal Rule of Civil Procedure 54(b)(1) and Local Rule 54-1, but no such bill of costs has been filed.  (Dkt. No. 31-20 at 29.)  The Court cannot award costs for unsubstantiated requests.

### CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for attorneys' fees and costs.  The Court awards $33,603.00 in attorneys' fees.

This Order disposes of Docket No. 31.

**IT IS SO ORDERED.**

Dated: December 18, 2025

JACQUELINE SCOTT CORLEY
United States District Judge